UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KRISTIN M. MANNING,

                              Plaintiff,

                v.                                      5:09-CV-88
                                                                       (FJS/VEB)

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                              Defendant.
_____

**APPEARANCES**                                     **OF COUNSEL**

**OLINSKY & SHURTLIFF**                 **HOWARD OLINSKY, ESQ.**
300 South State Street, 5th Floor
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **KAREN G. FISZER, ESQ.**
**OFFICE OF REGIONAL GENERAL**        **MICHELLE L. CHRIST, ESQ.**
**COUNSEL, REGION II**                     **PETER W. JEWETT, ESQ.**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court is Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Dkt. No. 18. Defendant opposes the motion on the ground that the government's position was substantially justified. *See* Dkt. No. 19.

## II. BACKGROUND

On January 26, 2009, Plaintiff filed a complaint seeking judicial review of Defendant's final decision that denied Plaintiff's claim for benefits. *See* Dkt. No. 1. Magistrate Judge Bianchini issued a Report and Recommendation in which he recommended that the Court remand Plaintiff's claim for benefits for further proceedings pursuant to 42 U.S.C. § 405(g). *See* Dkt. No. 15 at 2-3. This Court adopted the Report and Recommendation on June 1, 2010, *see* Dkt. No. 16, and entered a final judgment in favor of Plaintiff on June 7, 2010, *see* Dkt. No. 17.

On July 29, 2010, Plaintiff filed a motion seeking an award of attorney's fees in the amount of $6,876.48. *See* Dkt. No. 18 at 1. This sum represented the 39.4 hours that Plaintiff's attorney expended on this matter in 2009 and 2010 at the hourly rate of $174.53. *See* Dkt. No. 18-1 at ¶¶ 6-7. In addition, Plaintiff sought an additional $610.86 for the 3.5 hours her attorney expended in replying to Defendant's opposition to this motion. *See* Dkt. No. 20 at 4.

## III. DISCUSSION

The EAJA provides that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was **substantially justified** or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

In order for a party to be awarded attorney's fees under the EAJA, the plaintiff must demonstrate that she (1) is the prevailing party (2) is eligible to receive an award, (3) enumerates

the amount she seeks, (4) shows the rate at which she computed the fees, and (5) alleges that the position of the government was not substantially justified.  *See* 28 U.S.C. § 2412(d)(1)(B).

In this case, Plaintiff claims that she should receive an award of attorney's fees under the EAJA because (1) her net worth did not exceed $2,000,000 at the time she filed this action, *see* Dkt. No. 18-2, Affidavit of Waiver of Direct Payment of EAJA Fees, at ¶ 3; (2) she was a prevailing party in a case against the government, *see* Dkt. No. 18-1 at ¶ 12(d); and (3) the position of the government was not substantially justified, *see id.* at ¶ 13.

### A.    Defendant's position not substantially justified

"The Government bears the burden of showing that its position was 'substantially justified.'"  *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007).  To meet this burden, the government "must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'"  *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)) (other citations omitted).  For the reasons stated in the Court's prior decision remanding Plaintiff's claim to Defendant for further proceedings, the Court finds that Defendant's position was not substantially justified.[1]

### B.    Reasonable attorney's fees

Allowable fees and other expenses under the EAJA include, among other things,

> reasonable attorney fees (The amount of fees awarded under this
> subsection shall be based upon prevailing market rates for the kind

---

[1] Although not dispositive, the Court notes that Defendant did not file any objections to Magistrate Judge Bianchini's Report and Recommendation.

> and quality of the services furnished . . . and . . . attorney fees shall
> not be awarded in excess of $125 per hour unless the court
> determines that an increase in the cost of living . . . justifies a
> higher fee.).

28 U.S.C. § 2412(d)(2)(A).

"'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Healey*, 485 F.3d at 69 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). The average time that attorneys expend on routine social security cases in the Second Circuit is between twenty and forty hours. *See Coughlin v. Astrue*, No. 06-CV-0497, 2009 WL 3165744, *2 (N.D.N.Y. Sept. 28, 2009) (citations omitted).

In this case, Plaintiff's attorney expended 39.4 hours on this matter between January 20, 2009, and July 29, 2010. *See* Dkt. No. 18-1 at ¶ 6. He also expended an additional 3.5 hours in 2010 to respond to Defendant's opposition to Plaintiff's motion for an award of attorney's fees. *See* Dkt. No. 20 at 4. Furthermore, the $175.43 hourly rate that Plaintiff's attorney charged, adjusted for cost of living increases by the Consumer Price Index, is reasonable. *See* Dkt. No. 18-1 at ¶¶ 6-7; *see also Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 194 (2d Cir. 2000) (stating that "the hourly rate under § 2412(d)(1)(A) should only be increased by the corresponding Consumer Price Index for each year in which the legal work was performed" (citations omitted)).

### C.  Payment of the attorney's fees award

Plaintiff's counsel asserts that the Defendant should make the award of attorney's fees payable to him based on Plaintiff's waiver of direct payment and assignment of EAJA fees to

him.  *See* Dkt. No. 18-1 at WHEREFORE Clause; Dkt. No. 18-2 at ¶ 5.  However, the Supreme Court's recent decision in *Astrue v. Ratliff*, — U.S. —, 130 S. Ct. 2521 (2010), instructs otherwise.  As the Court noted,

> [t]he fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute "awards" the fees directly to the attorney.  For the reasons we have explained, the statute's plain text does the opposite – it "awards" the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts.

*Id.* at 2526-27.

Consistent with the conclusion of other courts in this Circuit, this Court finds that "*Ratliff* states explicitly that the name on the check must be plaintiff's and not her attorney's." *Scott v. Astrue*, No. 08-CV-910A, 2011 WL 32544, *3 (W.D.N.Y. Jan. 5, 2011).  However, as long as Plaintiff "appears as the payee on the check, . . . there is no reason why [D]efendant cannot mail that check to [P]laintiff's counsel pursuant to the assignment." *Id.*

## IV. CONCLUSION

After reviewing the file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for an award of attorney's fees under the EAJA in the amount of **$7,487.34** is **GRANTED**; and the Court further

**ORDERS** that Defendant shall make the check for attorney's fees payable to Plaintiff and shall mail any post-offset payment to Plaintiff's attorney; and the Court further

**ORDERS** that the Clerk of the Court shall amend the judgment to reflect this award of attorney's fees.

**IT IS SO ORDERED.**

Dated: December 29, 2011
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge